1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JOHN DOE SMITH,                              No. C 16-00517 WHA

11              Plaintiff,

12        v.

13   CORIZON HEALTH, INC., DR.                    **ORDER GRANTING MOTION
     HAROLD ORR, DR. MICHELLE                     TO TRANSFER CASE TO THE
14   THOMAS, SERGEANT BETTY                       EASTERN DISTRICT OF
     MORENO, SHERIFF MARGARET                     CALIFORNIA**
15   MIMS, FRESNO COUNTY SHERIFF'S
     DEPARTMENT, FRESNO COUNTY, and
16   DOES 1–50, inclusive,

17              Defendants.

18   _____/

19                          **INTRODUCTION**

20        In this action for personal injury and civil rights violations, defendants move to transfer

21   the action to the Eastern District of California.  Defendants separately move to strike, to dismiss,

22   or for a more definite statement.  Plaintiff seeks leave to file a pseudonymous complaint.  To the

23   extent stated below, defendants' motion to transfer is **GRANTED**.  The other pending motions

24   shall be **HELD IN ABEYANCE** and ruled on by the Court to whom this case is transferred.

25                           **STATEMENT**

26        Plaintiff (suing as "John Doe Smith") has been civilly detained since 2004 as a pedophile

27   not amenable to treatment (Grigg Decl. ¶ 6, Exh. A at 17).  At all relevant times plaintiff was

28   primarily detained at Atascadero State Hospital, although he has spent time in the Fresno County

**United States District Court**
For the Northern District of California

1   Jail for recommitment proceedings.

2          In 2006, medical staff at Atascadero State Hospital diagnosed plaintiff with various

3   medical conditions that made standing and walking difficult, so he received a wheelchair, knee

4   brace, and shoes with orthotic metal inserts.  Each time plaintiff was transferred to Fresno

5   County Jail for recommitment proceedings, he brought his medical accommodations with him.

6   His most recent incarceration at Fresno County Jail began in January 2014, where plaintiff

7   alleges he spent 22 months (Compl. ¶¶ 21–24).

8          In mid-2014 defendant Corizon Health, Inc., became the provider of medical care at

9   Fresno County Jail.  Defendant Dr. Michelle Thomas worked as the medical director at the jail

10  for Corizon, and upon taking over, she issued an order discontinuing plaintiff's wheelchair usage

11  and requiring him to undergo physical therapy.  To enforce this order, "agent employees of

12  defendants Sheriff Margaret Mims and the Fresno County Sheriff's Department used their

13  positions of authority and their physical presence to intimidate plaintiff with implied threats of

14  physical force, so as to coerce plaintiff into surrendering possession of the wheelchair . . . ."

15  Without his wheelchair, plaintiff fell several times and injured himself (Compl. ¶¶ 24–26).

16         In August 2014, plaintiff complained about physical and mental pain to defendant

17  Sergeant Betty Moreno, among others with the Fresno County Sheriff's Department and

18  Corizon.  He received no medical treatment for his leg issues or for injuries resulting from his

19  falls.  Plaintiff further alleges that Dr. Thomas falsified medical records (Compl. ¶¶ 24–27, 29,

20  31, 57).

21         Plaintiff regained wheelchair use at some unspecified time, and in May 2015 he visited

22  defendant Dr. Harold Orr, who had taken over for Dr. Thomas.  Dr. Orr "proceeded to threaten

23  to remove plaintiff's wheelchair again and declared that 'the medical records will fully exonerate

24  Dr. Thomas'" for her prior decisions regarding plaintiff's care (Compl. ¶ 52).

25         Plaintiff, who is represented by counsel, commenced this action in November 2015 in

26  Alameda County Superior Court.  Defendants removed the action to federal court, on the basis of

27  federal question jurisdiction.  Plaintiff asserts three claims, each under state law, but he begins

28  his complaint by stating "this is an action for money damages brought pursuant to 42 U.S.C.

2

1983 and 1988" (Compl. ¶ 1).  The state law claims asserted are (i) for personal injuries caused

by tortious acts of government employees within the scope of employment, against all

defendants (ii) for negligence against Corizon, Dr. Orr, and Dr. Thomas, and (iii) for

compensatory and punitive damages for abuse of a dependant adult against Corizon, Dr. Orr, and

Dr. Thomas.

This order follows full briefing and oral argument.

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. 1404(a).  The purpose of Section 1404(a) is "to prevent the waste of time, energy, and

money and to protect litigants, witnesses and the public against unnecessary inconvenience and

expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  A district court has discretion "to

adjudicate motions for transfer according to an individualized, case-by-case consideration of

convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  The

district court must consider both private factors, which go to the convenience of the parties and

witnesses, and public factors which go to the interests of justice.  *Decker Coal Co. v.*

*Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**1.**    **CONVENIENCE AND FAIRNESS.**

This order first considers the private convenience and fairness factors, which focus

primarily on the relative ease of access to sources of proof, the availability of compulsory

process for unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and

other practical considerations that make resolving a case easy, expeditious, and inexpensive.

*Decker Coal*, 805 F.3d at 843.

All of the events giving rise to plaintiff's claims occurred in Fresno, and all defendants

except for Dr. Orr reside in Fresno County (Grigg Decl. ¶ 3).  Defendants further assert that

other material witnesses in this case reside in Fresno.  They contend that although many of those

witnesses are employees of the County or of Corizon, some are *former* employees, some are

current or former inmates at Fresno County Jail, and some are outside care providers.

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Accordingly, such witnesses could not be compelled to respond to a trial subpoena pursuant to

2    Rule 45 (since San Francisco is more than one hundred miles from Fresno).

3        **2.      INTERESTS OF JUSTICE.**

4        A district court hearing a motion to transfer must also consider public-interest factors

5    such as relative degrees of court congestion, local interest in deciding local controversies,

6    potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. *Decker*

7    *Coal*, 805 F.2d at 843.

8        Here, the Eastern District's interest in deciding controversies arising out of Fresno

9    County Jail and the interest of burdening citizens in our forum with jury duty both weigh in

10   favor of transfer.  The thrust of plaintiff's case surrounds the sufficiency of the mental health

11   facilities at the Fresno County Jail during his 22-month stay there.  For that reason, a federal

12   judge in Fresno will be in a vastly better position to assess and gather information about this

13   case.

14       In opposition to the transfer motion, plaintiff argues that if the case goes to trial, he will

15   be forced to stay at the Fresno County Jail while the case is tried, which has an allegedly

16   substandard mental health facility.  As an initial matter, prisoners do not have a right to be

17   present at proceedings concerning civil cases in which they are the plaintiff.  If the Fresno

18   facility is a serious issue, plaintiff could arrange to testify via deposition or by video.

19   Furthermore, plaintiff has not provided any sworn record demonstrating how a short stay in

20   Fresno during trial would actually affect him.  Lastly, as to the convenience issue, plaintiff

21   argues that one witness, Dr. Orr, resides in Alameda County.  Dr. Orr, however, regularly travels

22   to Fresno to perform supervisory work for Corizon.  As all of the other potential witnesses reside

23   in the Eastern District, Dr. Orr's residence in the Northern District does not tip the scale against

24   transfer.

25       The clear and logical place for this case to be tried and for discovery into jail conditions

26   to occur is in Fresno, as that would ease access to certain evidence and witnesses and the Eastern

27   District has an interest in the local controversy.  Accordingly, defendants' motion to transfer is

28   **GRANTED**.

**United States District Court**

For the Northern District of California

**CONCLUSION**

To the extent stated above, defendants' motion to transfer this case to the United States District Court for the Eastern District of California is **GRANTED**.  The other pending motions shall be **HELD IN ABEYANCE** and ruled on by the Court to whom this case is transferred.

**IT IS SO ORDERED.**

Dated: April 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE