UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTHCARE, et al.,<br><br>Defendants. | 1:16-cv-00461-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER PSEUDONYM BE DENIED, AND THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS BE GRANTED IN PART, WITH LEAVE TO AMEND<br>(ECF Nos. 6, 7.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS |

## I. BACKGROUND

Plaintiff (suing under pseudonym "John Doe Smith"), represented by counsel, commenced this action on November 23, 2015 in Alameda County Superior Court. Defendants Fresno County, Margaret Mims, Betty Moreno, Corizon Healthcare, Michelle Thomas, Harold Orr, and DOES 1-50 (collectively "Defendants") removed the action to federal court on the basis of federal question jurisdiction. (ECF No. 1.) The action was transferred to the Eastern District of California on April 1, 2016. (ECF No. 17.)

On February 5, 2016, Defendants filed a Rule 12(f) motion to strike, Rule 12(b)(6) motion to dismiss for failure to state a claim, and/or Rule 12(e) motion for a more definitive statement. (ECF No. 6.) On February 19, 2016, Plaintiff filed an opposition to Defendants' motions, as well as a motion for leave to file as a pseudonymous party. (ECF Nos. 7, 8.) On February 25, 2016,

Defendants filed a reply to Plaintiff's opposition, as well as an opposition to Plaintiff's motion. (ECF Nos. 9, 10.) Both Plaintiff's motion to file as a pseudonymous party, and Defendants' motion to strike, to dismiss, and/or for a more definitive statement, are now before this Court.

## II. SUMMARY OF COMPLAINT

Plaintiff, a civilly detained inmate, alleges the following: In 2006, the medical staff at Atascadero State Hospital ("ASH") diagnosed Plaintiff with certain medical conditions that make standing and walking difficult. Complaint, Doc. 1 at 5 ¶ 21. The medical staff at ASH provided Plaintiff with a wheelchair, knee brace, and orthotic shoe inserts to address this diagnosis. Id. Plaintiff brought these medical appliances with him each time he was sent to Fresno County Jail ("FCJ") for recommitment proceedings. The events at issue in Plaintiff's Complaint allegedly occurred at FCJ, when Plaintiff was incarcerated there.

Plaintiff alleges that in mid-2014, Defendant Corizon Healthcare ("Defendant Corizon"), a healthcare contractor, became the provider of medical care at FCJ. Id. ¶ 22. Defendant Dr. Michelle Thomas ("Defendant Thomas"), as Defendant Corizon's medical director at FCJ, issued an order discontinuing Plaintiff's wheelchair usage. Id. at 7 ¶ 29. To enforce this order, "agent employees of Defendants Sheriff Margaret Mims ("Defendant Mims") and the Fresno County Sheriff's Department ("Defendant FCSD") used their positions of authority and their physical presence to intimidate Plaintiff with implied threats of physical force, so as to coerce Plaintiff into surrendering possession of the wheelchair." Id. at 6 ¶ 25. While without his wheelchair, Plaintiff fell several times and sustained injury. Id. at ¶ 26.

During the time Plaintiff was without his wheelchair, Plaintiff alleges that he submitted complaints about physical and mental pain, including directly voicing these complaints to Defendant Sergeant Betty Moreno ("Defendant Moreno") on at least one occasion. Id. ¶ 27. Throughout the remainder of his stay at FCJ, despite these complaints, Plaintiff received no medical treatment for injuries sustained from falling. Id. at 7 ¶ 31. Plaintiff further alleges that Defendant Thomas falsified medical records concerning her care for Plaintiff. Id. at 5 ¶ 22.

Plaintiff regained wheelchair use at some unspecified time. At a medical appointment on or around May 27, 2015, Plaintiff alleges that Defendant Dr. Harold Orr ("Defendant Orr"), taking over

for Defendant Thomas, "proceeded to threaten to remove Plaintiff's wheelchair . . . while declaring that 'the medical records [would] fully exonerate Dr. Thomas'" for her prior decisions regarding Plaintiff's medical care. Id. at 11 ¶ 52.

## III. PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff seeks leave to proceed in the above-captioned matter under a pseudonym rather than his own name.

### A. Legal Standard

The true identities of parties in an action should not be concealed, except in the unusual case where there is a need for the cloak of anonymity. U.S. v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). Courts have allowed the use of pseudonyms where it is necessary to protect a person from harassment, injury, ridicule or personal embarrassment. See U.S. v. Doe, 655 F.2d 920 (9th Cir. 1977). Mere membership in a class of offenders that may be targeted by other inmates is insufficient to make a defendant's case extraordinary or unusual. Stoterau, 524 F.3d at 1013. The determination of necessity is "a district court's discretionary decision," but the Court must balance "the [moving] party's need for anonymity . . . [against] prejudice to the opposing party and the public's interest in knowing the party's identity." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). Without sufficient special circumstances justifying the need for anonymity, Courts should not deviate from the longstanding notion that "[t]he people have a right to know who is using their courts." Stoterau, 524 F.3d at 1013.

### B. Plaintiff's Motion

Plaintiff argues that he has a civil commitment and that the use of his true identity exposes his reason for commitment, his diagnosis, records and medical history to the public and fellow detainees. This exposure, Plaintiff alleges, will subject him to humiliation and embarrassment. Plaintiff asserts that his psychiatric medical records, mental health condition, and reason for commitment are not relevant to this lawsuit and that Defendants already know Plaintiff's identity and therefore will not suffer prejudice from Plaintiff's use of a pseudonym. Plaintiff also asserts that through his Complaint, it is publicly known that Plaintiff is an inmate suing Defendants for wrongful

///

conduct at FCJ. As such, Plaintiff contends that the public would still be able to investigate all pertinent facts relating to Plaintiff's allegations.

**C. Defendant's Opposition**

Defendants argue that Plaintiff has not met his burden of showing that his need for anonymity is unusual, or that it outweighs the public's right to know. Defendants assert: (1) that Plaintiff offers no admissible evidence to support his argument; (2) that public records already are replete with extensive references to all aspects of Plaintiff's physical and mental health, as well as to the nature of his civil commitment; (3) that public records show that Plaintiff has a history of using fake names for illicit purposes; and (4) that Plaintiff's motion is untimely.

**D. Discussion**

The Court finds that this is not an unusual case justifying use of a pseudonym. The Court is guided by Stoterau, which held that "mere membership in a class of offenders that may be targeted by other inmates" is insufficient to establish the requisite necessity:

> If the nature of [Plaintiff's] offense alone could qualify him for the use of a pseudonym, there would be no principled basis for denying pseudonymity to any [party] convicted of a similar offense. Such a significant broadening of the circumstances in which [the Ninth Circuit has] permitted pseudonymity is contrary to [the] long-established policy of upholding the public's common law right of access to judicial proceedings and contrary to [the] requirement that pseudonymity be limited to the unusual case.

524 F.3d at 1013 (citations and internal quotation marks omitted).

Moreover, Plaintiff's medical history and reason for civil commitment are already provided within the public domain. Defendant's Opposition, ECF No. 10 at 2 ¶ 4. This Court fails to see how requiring Plaintiff to file under his name will subject Plaintiff to a risk of harassment, injury, ridicule or personal embarrassment that was not already present before the initiation of this cause of action. Additionally, Plaintiff fails to address the public's right to know who is filing lawsuits. For example, Plaintiff's identity is relevant also for tracking vexatious litigants. While it is true that Plaintiff's past and reason for civil commitment may very well not be relevant to this case, there are other ways to ensure that this case is decided without regard to irrelevant evidence short of filing under a pseudonym.

That being said, this Court takes issue with how Defendants argued their position in opposition to Plaintiff's motion. (ECF Nos. 9, 10.) Rather than providing comfort that Defendants would litigate this case solely on relevant evidence, Defendants' opposition gratuitously and extensively referenced Plaintiff's past. Defendants have acted insensitively, potentially heightening Plaintiff's risk of harassment and embarrassment. The Court expects Defendants to refrain from gratuitous and irrelevant reference to Plaintiff's past going forward.

The Court recommends that Plaintiff's Motion for leave to proceed under pseudonym be denied, and Plaintiff be granted leave to amend his Complaint, in order to include his true identity as Plaintiff.

## IV. DEFENDANTS' MOTION TO STRIKE, DISMISS, AND/OR PROVIDE A MORE DEFINITIVE STATEMENT

Defendants argue that the case should be dismissed, or Plaintiff should be required to provide a more definitive statement, because he does not: (1) indicate which defendant(s) he asserts his various putative claims against, and (2) does not adequately identify what legal theories he purports to pursue.[1] Additionally, Defendants assert that Plaintiff's Complaint fails to state claims for which relief may be granted.

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In considering a motion to dismiss, the Court must accept all allegations of material fact in

[1] Defendants also bring a motion to strike all or part of Plaintiff's Complaint on the grounds that Plaintiff is attempting to proceed under pseudonym. In light of the Court's finding above, the Court finds that Defendants' motion to strike is moot and should be denied as such.

the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer, 416 U.S. at 236; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the Court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

A Rule 12(e) motion for a more definitive statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Fed. P. 12(e). A motion for a more definitive statement must be considered in light of the liberal pleading standards of Rule 8(a) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Fed. R. Civ. P. 8(a)(2).

## V. DISCUSSION

Plaintiff includes three causes of action in his Complaint. In addition, Plaintiff states that he is suing "pursuant to 42 U.S.C. §§ 1983 and 1988" and the "Fourth and Fourteenth Amendments." Complaint, ECF No. 1 at 1 ¶ 1.

**1. For Personal Injuries – Against Public Entity and Employee(s) Based on Tortious Act of Employee(s) Within Scope of Employment**

Plaintiff's first cause of action is for personal injuries caused by tortious acts of government employees within the scope of employment. Plaintiff does not assert what specific "tortious act(s)" he is alleging. Without more, reference to "tortious acts" does not state a claim.

Additionally, it is unclear whether "public entity" or "employee(s)" encompasses all defendants listed in Plaintiff's Complaint.

As such, this Court recommends that Plaintiff's first cause of action should be dismissed without prejudice for failure to state a claim. Plaintiff should be granted leave to amend his Complaint, in order for Plaintiff to cure the deficiencies relating to his first claim in regards to stating a cognizable legal theory that is sufficiently attributable to the specific defendant(s).

**2. For Negligence of Physicians Employed by Corizon Healthcare**

Plaintiff's second cause of action is for negligence of physicians employed by Defendant Corizon.[2] "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's [conduct]." Turpin v. Sortini, 31 Cal. 3d 220, 229-30 (1982). "Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member." Ladd v. County of San Mateo, 12 Cal. 4th 913, 918 (2006). "[A] duty may be premised upon the general character of the activity in which the defendant engaged, the relationship between the parties or even the interdependent nature of human society." J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 803 (1979).

The Court finds that Plaintiff has provided sufficient factual allegations supporting a

[2] The title of Plaintiff's second cause of action suggests that Plaintiff is only asserting a negligence claim against physicians employed by Defendant Corizon, and as such, it remains unclear if Plaintiff is asserting a negligence claim as to the other named Defendants. This Court analyzes Plaintiff's factual allegations only to see if a negligence claim exists in relation to Defendant Thomas and Defendant Orr, as they are the only two named defendants who are physicians. If Plaintiff chooses to assert a negligence claim against other named defendants, this Court recommends that he make it explicitly clear in a First Amended Complaint.

negligence claim against Defendant Thomas. Plaintiff asserts that Defendant Thomas ordered the removal of Plaintiff's wheelchair, and denied Plaintiff the use of his wheelchair for more than a month. Complaint, Doc. 1 at 5-6 ¶ 22-27. Plaintiff also alleges that he informed Defendant Thomas of his medical diagnosis, and that Defendant Thomas ordered Plaintiff to undergo physical therapy without first screening him for proper placement. Id. at 7 ¶ 29. Plaintiff alleges that he made repeated complaints to Defendant Thomas and the medical staff in the ensuing months regarding the pain associated with the absence of his wheelchair, and that Defendant Thomas and the medical staff at FCJ did not further evaluate Plaintiff, assert any justification for their actions, or provide a proper treatment to remedy Plaintiff's subsequent falls. See Complaint generally. Lastly, Plaintiff alleges that Defendant Thomas had access to his medical records. Complaint at 12 ¶ 55. Taking Plaintiff's allegations as true, this Court finds that as Plaintiff's medical provider, Defendant Thomas had a duty to evaluate Plaintiff and to address his complaints, and that in failing to address Plaintiff's complaints, injury to Plaintiff resulted. These allegations support a claim of professional negligence as to Defendant Thomas.

In regards to Defendant Orr, Plaintiff does not provide sufficient factual allegations to withstand Defendants' motion to dismiss. Plaintiff asserts that Defendant Orr had access to Plaintiff's medical records, that Defendant Orr negligently treated Plaintiff while he was in his care, and that Defendant Orr threatened to remove Plaintiff's wheelchair. Id. at 9-10 ¶ 48-55. Plaintiff's allegation that Defendant Orr negligently treated him is conclusory and does not describe what Defendant Orr did or failed to do. Plaintiff does not provide sufficient factual allegations that provide support for any claim that Defendant Orr himself was negligent to Plaintiff's health or safety. Additionally, Plaintiff does not provide support in his allegation that Defendant Orr threatened him. Defendant Orr's alleged statement that "the medical records will fully exonerate Dr. Thomas" alone does not suggest negligence, malice, or ill will towards Plaintiff.

Defendants argue that any claim of professional negligence is barred by the statute of limitations under Cal. Code of Civil Procedure § 340.5. Defendants assert that under section 340.5, the time for the commencement of a professional negligence action shall be one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury.

Defendants fail to take into account the fact that Plaintiff was in state custody at the time of the alleged professional negligence claim. "A prisoner's time to sue a health care provider can be extended during incarceration." See Belton v. Bowers Ambulance Serv., 20 Cal. 4th 928, 930 (1999). Plaintiff was incarcerated when any alleged professional negligence occurred. Section 352.1 can toll the statute of limitations for two years if Plaintiff is incarcerated. Id. As such, this Court finds that Plaintiff's professional negligence claim is not barred by the statute of limitations.

Defendants' motion to dismiss Plaintiff's second claim should be denied because sufficient factual allegations exist to support a negligence claim against at least one named defendant. This Court finds that Plaintiff states a cognizable claim of negligence as to Defendant Thomas, but not as to Defendant Orr or any other named Defendant. The Court recommends that Plaintiff be granted leave to amend his Complaint to provide sufficient factual allegations in support of his negligence claim against Defendant Orr.

**3. For Compensatory and Punitive Damages for Abuse of Dependent Adult**

Plaintiff's third cause of action is for abuse of dependent adult under the Welfare and Institutions Code. Welf. & Inst. Code §§15610.63, 15610.57.[3] Abuse of a dependent adult or elder will justify heightened remedies when the cause of action includes facts showing physical abuse, neglect, or other treatment with resulting physical harm or pain or mental suffering, or "[t]he deprivation by a care custodian of goods or services that are necessary to avoid physical harm or pain or mental suffering." Berkley v. Dowds, 152 Cal. App 4th 518, 529 (2007). "Acts of simple or even gross negligence will not justify the additional civil damages remedies." Id.

As to his abuse of dependent adult claim, this Court finds that there are sufficient factual allegations showing that Plaintiff was mistreated by Defendant Thomas, and that this mistreatment resulted in physical injury.

This Court is in agreement with Defendants in their assertion that Defendant Fresno County is immune to state law-based claims of injury to prisoners. See Govt. Code § 844.6; see also

[3] "In California appellate courts, there is a split of authority on whether the … Act creates an independent cause of action or merely provides additional remedies for some other causes of action." Chavers v. GMAC Mort. LLC, 2012 U.S. Dist. LEXIS 290 (2012); see Carter v. Prime Healthcare Paradise Valley, LLC, 198 Cal. App. 4th 396, 404 (2011); cf. Berkley v. Dowds, 152 Cal. App 4th 518 (2007). This issue has not been raised by either party, and therefore, this Court does not decide the matter herein.

Martinez v. California, 2008 WL 4500131 (E.D. Cal. Oct. 4, 2008).

Plaintiff does not allege sufficient factual allegations that would support an abuse of dependent adult claim against all other named defendants.

This Court recommends that Defendants' motion to dismiss Plaintiff's third cause of action be denied as to Defendant Thomas. Because this Court has found that Plaintiff should be granted leave to amend his Complaint to cure the deficiencies relating to his other claims, this Court recommends that in his First Amended Complaint, Plaintiff make it explicitly clear which specific defendant(s) he purports to assert his dependent adult abuse claim against. Additionally, any relief sought by Plaintiff should be included in a section separate from his causes of action.

**4. Section 1983**

In addition to his state claims, Plaintiff asserts that his Complaint is brought pursuant to § 1983 and the Fourth and Fourteenth Amendments.[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Claims brought under section 1983 plainly require "that there be an actual connection or link between the actions of the

---

[4] The Fourth Amendment protects individuals against unreasonable searches and seizures. Prisoner claims based on the Fourth Amendment are generally brought in situations involving unlawful searches at the time of arrest. Fourteenth Amendment claims are typically brought when a Plaintiff alleges a violation of equal protection, due process, and substantive due process. The question here is whether Defendants' actions pertaining to the deprivation of Plaintiff's access to medical appliances was discriminatory. As such, this Court finds that Plaintiff's claims are better suited to be evaluated under § 1983 and the Eighth Amendment.

defendants and the deprivation alleged to have been suffered by plaintiff." Washington v. Early, U.S. Dist. LEXIS 22910. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Id. It is well established that neither negligence nor gross negligence is actionable under section 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood, 900 F.2d at 1334). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

The Court finds that Plaintiff states a cognizable § 1983 claim based on deliberate indifference as to Defendants Thomas and Moreno. Plaintiff alleges that he was prescribed use of a wheelchair to treat various medical ailments. Complaint, Doc. 1 at 5 ¶ 21. Plaintiff alleges that without his wheelchair, he suffered injury by falling multiple times. Id. at 6 ¶ 26. Aside from having access to his medical records, Plaintiff alleges that he complained to Defendant Thomas on numerous occasions, and that Defendant Thomas consciously chose to do nothing. See Complaint generally. Similarly, Plaintiff alleges that he complained directly to Defendant Moreno on at least one occasion. Complaint, Doc. 1 at 6 ¶ 25. The Court finds that these factual allegations are enough to show that Plaintiff had a serious medical need and that Defendants' response to the need was deliberately indifferent. As such, this Court recommends that Defendants' motion to dismiss the Complaint for failing to assert a cognizable § 1983 claim as to Defendants Thomas and Moreno be denied.

In regards to Defendants Fresno County, Orr, Corizon, Mims, and FCSD, Plaintiff does not

provide sufficient factual allegations to withstand Defendants' motion to dismiss. Plaintiff has only shown through his allegations that these Defendants are entity employers or individuals who hold supervisory positions. See Complaint generally. Supervisory personnel under section 1983 are only liable for their own misconduct. Plaintiff has failed to allege factual allegations that would support a finding that these Defendants personally participated in the deprivation of his rights. As such, Defendants' motion to dismiss the Complaint for failing to assert a cognizable § 1983 claim as to Defendants Fresno County, Mims, FCSD, and Corizon should be granted.

As to Defendant Orr, Plaintiff also fails to provide sufficient factual allegations to withstand Defendants' motion to dismiss. Plaintiff's factual allegations as to Defendant Orr amount to Defendant Orr having access to Plaintiff's medical records, and filling in for Defendant Thomas at one of Plaintiff's medical appointments. This does not state a claim for deliberate indifference. Therefore, Defendants' motion to dismiss the Complaint for failing to assert a cognizable § 1983 claim as to Defendant Orr should be granted.

## V. CONCLUSION AND RECOMMENDATIONS

This Court recommends that Plaintiff not be entitled to proceed as a pseudonymous party. This Court also finds that Plaintiff, in regards to his first claim for tortious acts of government employees in the scope of employment, fails to state any cognizable claim upon which relief may be granted. As to Plaintiff's second claim, for negligence of physicians employed by defendant Corizon Healthcare, this Court finds that Plaintiff has alleged sufficient factual allegations as to Defendant Thomas, but not Defendant Orr. As to Plaintiff's third claim, for compensatory and punitive damages for abuse of a dependent adult, this Court finds that there are only sufficient factual allegations to support a dependent adult abuse claim against Defendant Thomas. Additionally, this Court finds that Plaintiff states a cognizable § 1983 claim for deliberate indifference against Defendants Thomas and Moreno, but not against Defendants Fresno County, Mims, FCSD, and Corizon. Lastly, this Court finds that Plaintiff should be granted leave to amend.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to file under a pseudonym, filed on February 19, 2016, be DENIED;

2. Defendants' motion to strike, filed on February 5, 2016, be DENIED;

3. Defendants' motion to dismiss under Rule 12(b)(6), filed on February 5, 2016, be GRANTED in part and DENIED in part;

4. Plaintiff's first claim, for tortious acts of government employees in the scope of employment, be DISMISSED for failure to state a cognizable claim, with leave to amend;

5. Plaintiff's second claim, for negligence of physicians employed by defendant Corizon Healthcare, be DISMISSED as to all defendants except Defendant Thomas, with leave to amend;

6. Plaintiff's third claim, for compensatory and punitive damages for abuse of a dependent adult, be DISMISSED as to all defendants except Defendant Thomas, with leave to amend;

7. Plaintiff's § 1983 claim for deliberate indifference against Defendants Thomas and Moreno be found cognizable;

8. Plaintiff be granted thirty days to either:

(1) file a First Amended Complaint curing the deficiencies identified by the Court in this order, if he believes additional true factual allegations would state a claim, and substituting his true name, as Plaintiff, in place of "John Doe Smith;" or

(2) file a notice of voluntary dismissal of this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2016**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE