UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREBAS,<br><br>                Plaintiff,<br><br>    v.<br><br>CORIZON HEALTHCARE, *et al*.,<br><br>                Defendants. | Case No. 1:16-cv-00461-DAD-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART**<br><br>(ECF No. 22)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS** |

### I. BACKGROUND

Plaintiff Daniel Trebas, represented by counsel, commenced this action on November 23, 2015 in Alameda County Superior Court. Defendants Fresno County, Margaret Mims, Betty Moreno, Corizon Healthcare, Michelle Thomas, Harold Orr, and DOES 1-50 (collectively "Defendants") removed the action to federal court on the basis of federal question jurisdiction. (ECF No. 1.) The action was transferred to the Eastern District of California on April 1, 2016. (ECF No. 17.)

On February 5, 2016, Defendants filed a Rule 12(f) motion to strike, Rule 12(b)(6) motion to dismiss for failure to state a claim, and/or Rule 12(e) motion for a more definite statement. (ECF No. 6.) That motion to dismiss was resolved by finding, among other things, that Plaintiff stated a claim against Defendants Thomas and Moreno for deliberate indifference to serious medical needs. (ECF

1

Nos. 21, 23.)

Plaintiff filed a First Amended Complaint on July 25, 2016 (ECF No. 22).  Defendants moved to dismiss that complaint on October 18, 2016. (ECF No. 24). Plaintiff filed an opposition to the motion to amend on November 17, 2016. (ECF No. 25.) Defendants filed a reply on November 28, 2016. (ECF No. 26.) The Court heard oral argument on the motion to dismiss on December 2, 2016. (ECF No. 28.) Having fully considered the arguments presented, the Court recommends that Defendants' Motion to Dismiss be granted in part and denied in part.

## II.    SUMMARY OF COMPLAINT

Plaintiff, a civilly detained inmate, alleges the following:  In 2006, the medical staff at Atascadero State Hospital ("ASH") diagnosed Plaintiff with certain medical conditions that make standing and walking difficult. The medical staff at ASH provided Plaintiff with a wheelchair, knee brace, and orthotic shoe inserts to address this diagnosis.

Plaintiff brought these medical appliances with him each time he was sent to Fresno County Jail ("FCJ") for recommitment proceedings. The events at issue in Plaintiff's Complaint allegedly occurred at FCJ, when Plaintiff was incarcerated there.

Plaintiff had already filed various grievance appeals against the Fresno County Sheriff's Department regarding the lack of adequate medical care at the jail. In ruling on some of the grievance appeals, the reviewing officer held that the county was to continue to provide Plaintiff a wheelchair as an accommodation pursuant to the Americans with Disabilities Act.

On August 27, 2014, sheriff's deputies, acting as agents of Fresno County, Fresno County Sheriff Department, Sheriff Margaret Mims and Betty Moreno, took Plaintiff's wheelchair. The deputies told Plaintiff that ADA officer Betty Moreno had approved the removal of the wheelchair and had directed the deputies to enforce Dr. Michelle Thomas's order to remove the wheelchair. Plaintiff relinquished the wheelchair under threat of physical force.

Dr. Thomas ordered various treatments and falsified records concerning her care for Plaintiff. She attempted to cover up the lack of medical investigation to justify her removal of Plaintiff's wheelchair.

Dr. Harold Orr supervised Dr. Thomas, received reports and complaints, and was aware of

her inadequate medical treatment, yet failed to change the situation. Dr. Orr treated plaintiff after the wheelchair was removed and was aware of plaintiff's complaints regarding the lack of wheelchair, but failed to correct the medical decision. For example, Dr. Orr ordered wheelchair use for out of cell court appearances only, but not for daily living needs while in Plaintiff's cell.

Plaintiff's wheelchair was returned more than a month after it had been taken.

Dr. Thomas also ordered plaintiff to undergo physical therapy treatment without screening him for proper placement due to factors that she refused to address, including weight loss of more than 50 pounds in the previous 6 months.

Sheriff Margaret Mims and DOES 1-50 assisted Dr. Thomas, Dr. Orr, and Corizon Healthcare in carrying out this treatment by transporting him to the County Regional Medical Center on numerous occasions.

Plaintiff alleges that Defendants County of Fresno, Fresno County Sheriff's office and Sheriff Margaret Mims had notice via Federal Eastern District Court case, *Hall v. County of Fresno*, No: 1:11-cv-02847 that their agents were failing to provide minimally adequate healthcare and reasonable accommodations to inmates at Fresno County Jail.[1] Furthermore, Defendant Corizon Healthcare had a history of providing substandard care at other facilities. Plaintiff alleges that Defendant Corizon Healthcare has received other complaints regarding inadequate health care in the past.

Plaintiff alleges the following causes of action: "tortious act" for "personal injuries against public entity and employees"; "negligence of physicians employed by Corizon Health Care"; "action pursuant to the United States Constitution"; and a claim for abuse of a dependent adult. Plaintiff alleges the following as Defendants: Corizon Healthcare; Dr. Harold Orr; Dr. Michelle Thomas; Sergeant Betty Moreno; Sheriff Margaret Mims; Fresno County Sheriff's Department; DOES 1-50.

### III. PLAINTIFF'S CONSTITUTIONAL CLAIM

The Court begins its analysis with the sole federal claim asserted by Plaintiff because that claim confers jurisdiction on this Court.

Plaintiff's Third Cause of Action asserts "Third Cause of Action Pursuant to 42 U.S.C. §§

---

[1] Plaintiff may be referring to *Hall v. County of Fresno*, Case No. 1:11-cv-02047-LJO-BAM.

3

1983; The United States Constitution," but does not state what constitutional claim he is bringing or identify any constitutional standards. This is surprising because Plaintiff is represented by counsel. Moreover, the Court described at length what it believed were relevant constitutional provisions and legal principles in its initial decision on the first motion to dismiss. (ECF No. 21, at p. 10-12.)

In the Court's prior order on Defendants' motion to dismiss, which was adopted by the District Judge, this Court found that Plaintiff's complaint stated a claim for deliberate indifference to serious medical needs as to Defendants Thomas and Moreno. (ECF No. 21, at p. 12) ("The Court finds that these factual allegations are enough to show that Plaintiff had a serious medical need and that Defendants' response to the need was deliberately indifferent. As such, this Court recommends that Defendants' motion to dismiss the Complaint for failing to assert a cognizable § 1983 claim as to Defendants Thomas and Moreno be denied."). At oral argument regarding Defendants' current motion to dismiss, Plaintiff's counsel explained that he meant to raise a claim for deliberate indifferent to serious medical needs under the Fourteenth Amendment (for a civil detainee) as was described in the Court's prior order.

The Ninth Circuit recently provided the following guidance on failure to protect claim. Although it dealt with a risk to safety, the same analysis would apply to a serious medical need:

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'"

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

Defendants move to dismiss this claim on the grounds that Plaintiff only alleges a difference of medical opinion, which is insufficient to state a constitutional claim; Plaintiff did not face any constitutionally excessive risk; the lay persons Moreno and Mims did not perceive any grave medical risk; and Defendants Moreno and Mims are entitled to qualified immunity.  Moreover, Defendants argue that Plaintiff's claims against Fresno County and Corizon should be dismissed because there is no *respondeat superior* liability and Plaintiff has not established a constitutionally deficient policy that caused an underlying constitutional violation.

### A. Thomas and Moreno

The Court will adhere to its previous order and find that Plaintiff has stated a claim for deliberate indifference to serious medical needs against Defendants Thomas and Moreno. Those two individuals were directly involved in removing Plaintiff's wheelchair. Moreover, Plaintiff has alleged that during the grievance process against the Fresno County Sheriff's Department, reviewing officers had held that:  "(1) Defendants Corizon Healthcare, Dr. Michelle Thomas and Betty Moreno were parties to provide medical services to plaintiff; (2) the county was to continue to provide to plaintiff a wheelchair as an accommodation pursuant to the Americans with Disability Act while plaintiff remained in Fresno Jail." (ECF No. 22, at p. 6.) Thus, Plaintiff has alleged that there was a binding order to Defendants Thomas and Moreno to provide Plaintiff a wheelchair. While the details about that order, and whether it was subject to change in view of Defendants Thomas' and Moreno's medical opinion, are unclear at this stage, those allegations are sufficient to state a deliberate indifference claim against Thomas and Moreno.

As explained more fully during oral argument, no other defendants were directly involved in the decision to take away Plaintiff's wheelchair. With the exception of Dr. Orr, who is discussed below, the remaining defendants are either supervisors, who did not directly make the decision to take away Plaintiff's wheelchair, or Sheriff's employees, who were merely physically implementing an order from others. The remaining defendants thus did not show deliberate indifference to Plaintiff's serious medical needs.

### B. Orr

Turning to Defendant Orr, Plaintiff alleges that Defendant Orr:

5

- Had access to Plaintiff's medical record, which included prior prescriptions for a wheelchair;
- Supervised Thomas;
- Received reports and complaints and was aware of Thomas' inadequate medical treatment of Plaintiff;
- Treated Plaintiff after the wheelchair was removed and was aware of Plaintiff's complaints; and,
- Prescribed partial use of a wheelchair without fully providing it to Plaintiff.

Based on these allegations, the Court finds that Plaintiff has sufficiently alleged that he was exposed to a serious health risk and that Dr. Orr knew of this risk and had the ability to help Plaintiff, but was deliberately indifferent to Plaintiff's medical needs. Although further factual development may demonstrate that Defendant Orr lacked sufficient involvement and/or was not deliberately indifferent to Plaintiff's medical needs, the Court recommends denying Defendant's motion to dismiss Plaintiff Third Cause of Action against Defendant Orr based on these allegations.

The Court finds that Defendants are not entitled to qualified immunity at this time. Plaintiff has alleged that Defendants were deliberately indifferent to a serious medical need despite direct orders from other medical supervisors. If this is true, it would violate settled principles of law.

The Court finds Plaintiff's allegations against other defendants insufficient to state a constitutional claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*, and when a named defendant holds a supervisory position a causal link between him or her and the alleged misconduct must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants personally participated in the deprivation of federal rights, knew of the violations and failed to act to prevent them, or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 303-

4 (5th Cir. 1987)). None of the other defendants were directly involved in making the medical decision to take away Plaintiff's wheelchair. Plaintiff has also not established that there was an unconstitutional policy that directly caused Plaintiff to be denied the wheelchair at this time.

The Court will now turn to the state law claims regarding these defendants. Because no federal claims are pending against the remaining defendants, according to this Court's analysis, it will recommend dismissing the state law claims against the remaining defendants without prejudice. See 28 U.S.C. § 1367 (authorizing federal courts to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR PERSONAL INJURIES AGAINST PUBLIC ENTITY AND EMPLOYEES BASED ON TORIOUS ACT OF EMPLOYEES

Plaintiff's first cause of action alleges that defendants "negligently and/or intentionally caused damage to plaintiff, where defendants, and each of them, were the legal proximate cause of damage to plaintiff as a result of the following acts and/or omissions to act." Plaintiff then lists the following Code sections: Cal. Gov. Code § 815.2; Cal. Civ. Code §§ 52.4, 54, 3333.

The Court previously dismissed this same claim on the basis that it did not state a cognizable legal theory, stating:

> Plaintiff's first cause of action is for personal injuries caused by tortious acts of government employees within the scope of employment. Plaintiff does not assert what specific "tortious act(s)" he is alleging. Without more, reference to "tortious acts" does not state a claim.
>
> Additionally, it is unclear whether "public entity" or "employee(s)" encompasses all defendants listed in Plaintiff's Complaint.
>
> As such, this Court recommends that Plaintiff's first cause of action should be dismissed without prejudice for failure to state a claim. Plaintiff should be granted leave to amend his Complaint, in order for Plaintiff to cure the deficiencies relating to his first claim in regards to stating a cognizable legal theory that is sufficiently attributable to the specific defendant(s).

(ECF No. 21, at p. 7).

Plaintiff's first cause of action in the First Amended Complaint suffers from the same deficiency. It does not explain what tortious act is being alleged against whom and why. Nor do the code sections provide clarity as to the cause of action, and some of the sections, such as the section

7

regarding gender violence, are clearly inapplicable:

> Cal. Gov. Code § 815.2 ("(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.").

> Cal. Civ. Code § 52.4 ("(a) Any person who has been subjected to gender violence may bring a civil action for damages against any responsible party. The plaintiff may seek actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. A prevailing plaintiff may also be awarded attorney's fees and costs.").

> Cal. Civ. Code § 54 ("(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.").

> Cal. Civ. Code § 3333 ("For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.").

Notably, there is a separate cause of action for negligence of physicians, which alleges a more specific tort claim against specific defendants.

Defendants move to dismiss this first cause of action and to strike the references to inapplicable statutes. (ECF No. 24.)

The Court recommends adhering to its previous order here and dismissing Plaintiff's first cause of action. The claim does not set out a claim, including a specific legal theory against defendants, and cites to inapplicable code sections. Plaintiff is represented by counsel. Moreover, the Court gave Plaintiff, and his counsel, specific direction in its earlier order, which was adopted by the District Court.

**V.  PLAINTIFF'S SECOND CAUSE OF ACTION FOR DAMAGES FOR PERSONAL INJURIES FOR NEGLIGENCE OF PHYSICIANS EMPLOYED BY CORIZON HEALTHCARE**

Plaintiff's second cause of action asserts a negligence claim against Corizon Healthcare, Dr. Harold Orr, and Dr. Michelle Thomas, as well as DOES 25-50. Plaintiff alleges that Defendants Thomas, Orr, and Corizon Healthcare contracted to provide medical services, negligently treated Plaintiff from August 27, 2014 through October 4, 2014 by denying him access to the wheelchair,

functional knee brace and orthotic shoes, among other things, resulting in injury to Plaintiff.

The elements of a medical malpractice claim are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468 (2008), as modified (Jan. 24, 2008).

The Court finds that Plaintiff has stated a claim against Defendants Orr and Thomas for negligence in their medical treatment. Plaintiff has alleged that they had a duty to treat Plaintiff with care, that they breached that duty by failing to provide a wheelchair, and that Plaintiff was injured as a result.

Defendants do not move to dismiss this claim, insofar as it is limited to common law negligence and does not include various statutory provisions cited in the cause of action, such as California Civil Code 52.1, also known as the Bane Act ("If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state."). This Court agrees that the mere reference to code sections is insufficient and it does not appear that Defendants Orr and Thomas used threats, coercion, or intimidation to interfere with Plaintiff's constitutional rights as meant by this code section.

Thus, this Court recommends that Plaintiff's second cause of action proceed against Defendants Orr and Thomas for professional negligence only.

### VI. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR COMPENSATORY AND PUNITIVE DAMAGES FOR ABUSE OF DEPENDENT ADULT

Plaintiff next alleges that all defendants committed neglect and physical abuse as defined, in part, by California Welfare and Institutions Code §§ 15610.63 and 15610.57.[2]

---

[2] "In California appellate courts, there is a split of authority on whether the … Act creates an independent cause of action or merely provides additional remedies for some other causes of action." Chavers v. GMAC Mort. LLC, 2012 U.S. Dist. LEXIS 290 (2012); see Carter v. Prime Healthcare Paradise Valley, LLC, 198 Cal. App. 4th 396, 404 (2011); cf. Berkley v. Dowds, 152 Cal. App 4th 518 (2007). This issue has not been raised by either party, and therefore, this Court does not decide the matter herein.

9

Defendant moves to dismiss this claim on the basis that Plaintiff's allegations do not rise to the level of "malicious, fraudulent and/or oppressive intent" required under the Elder Abuse and Dependent Adult Civil Protection Act (EADACPA).  (ECF No. 24, at p. 11.)

The California Sixth District Court of Appeal provided the following guidance regarding such claims in the case of Worsham v. O'Connor Hospital, 226 Cal.App.4th 331, 336–37 (2014):

> The Elder Abuse Act defines abuse as "[p]hysical abuse, *neglect,* financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering" (Welf. & Inst.Code, § 15610.07, subd. (a), italics added); or "[t]he deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering" (*id.,* § 15610.07, subd. (b)). The Act defines neglect as "[t]he negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise." (*Id.,* § 15610.57, subd. (a)(1).) "Neglect includes, but is not limited to, all of the following: [¶] (1) Failure to assist in personal hygiene, or in the provision of food, clothing, or shelter. [¶] (2) Failure to provide medical care for physical and mental health needs. ... [¶] (3) Failure to protect from health and safety hazards. [¶] (4) Failure to prevent malnutrition or dehydration." (*Id.,* § 15610.57, subd. (b).) In short, neglect as a form of abuse under the Elder Abuse Act refers "to the failure of those responsible for attending to the basic needs and comforts of elderly or dependent adults, regardless of their professional standing, to carry out their custodial obligations." (*Delaney v. Baker* (1999) 20 Cal.4th 23, 82 Cal.Rptr.2d 610, 971 P.2d 986 (*Delaney* ).) Thus, when the medical care of an elder is at issue, "the statutory definition of "neglect" speaks not of the *undertaking* of medical services, but of the failure to *provide* medical care." (*Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771, 783 [11 Cal.Rptr.3d 222, 86 P.3d 290] (*Covenant Care*); see also *id.* at p. 786 [11 Cal.Rptr.3d 222, 86 P.3d 290] ['statutory elder abuse may include the egregious withholding of medical care for physical and mental health needs...'].)" (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 404–405, 129 Cal.Rptr.3d 895 (*Carter*).)
>
> The Elder Abuse Act does *not* apply to simple or gross negligence by health care providers. (*Delaney, supra,* 20 Cal.4th at p. 28, fn. 2, 82 Cal.Rptr.2d 610, 971 P.2d 986; *Covenant Care, supra,* 32 Cal.4th at p. 785, 11 Cal.Rptr.3d 222, 86 P.3d 290.) To obtain the enhanced remedies of section 15657, "a plaintiff must demonstrate by clear and convincing evidence that defendant is guilty of something more than negligence; he or she must show reckless, oppressive, fraudulent, or malicious conduct." (*Delaney, supra,* 20 Cal.4th at p. 31, 82 Cal.Rptr.2d 610, 971 P.2d 986.) "'Recklessness' refers to a subjective state of culpability greater than simple negligence, which has been described as a "deliberate disregard" of the "high degree of probability" that an injury will occur [citations]. Recklessness, unlike negligence, involves more than "inadvertence, incompetence, unskillfulness, or a failure to take precautions" but rather rises to the level of a "conscious choice of a course of action ... with knowledge of the serious danger to others involved in it." (*Id.* at pp. 31–32, 82 Cal.Rptr.2d 610, 971 P.2d 986.)

As it did in considering the first motion to dismiss, this Court recommends finding that Plaintiff has stated a claim for a violation of the Elder Abuse and Dependent Adult Civil Protection

Act against Defendant Thomas only. Plaintiff has alleged that Defendant Thomas was under instructions to provide Plaintiff with a wheelchair, but intentionally ordered the wheelchair removed without a medical basis. Such allegations are sufficient to state a claim. However, the Court does not find the requisite intent pled against any other defendant.

## VII. DEFENDANTS' MOTION TO STRIKE

Defendants also ask the Court to strike the First Amended Complaint's references to California Civil Code §§ 52.1, 52.4, and 54, arguing that these references are immaterial because Plaintiff has not stated a claim under any of these statutes. Rule 12(f) of the Federal Rules of Civil Procedure allow a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F.Supp.3d 1167, 1177 (E.D. Cal. 2014).

The Court has already determined that the only state claims that Plaintiff has stated in his First Amended Complaint are a claim for professional negligence against Defendants Orr and Thomas and a claim for violation of the Elder Abuse and Dependent Adult Civil Protection Act against Defendant Thomas. Plaintiff has not stated a claim under California Civil Code §§ 52.1, 52.4, and 54. Because the Court has already decided that Plaintiff has not stated a claim under these statutes, it would save little time or money to strike them, as well—none of the issues raised by these statutes will be litigated, in any case. The motion to strike is thus denied.

## VIII. CONCLUSION AND RECOMMENDATIONS

This Court RECOMMENDS that Defendants' motion to dismiss (ECF No. 24) be GRANTED IN PART and DENIED IN PART and that Defendants'' motion to strike be DENIED. Specifically, the Court finds that Plaintiff's First Amended Complaint (ECF No. 22) states: (1) a claim against Defendants Orr and Thomas for professional negligence under California common law; (2) a claim against Defendants Orr, Thomas, and Moreno for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and, (3) a claim against Defendant

Thomas for violation of the Elder Abuse and Dependent Adult Civil Protection Act. All other defendants and causes of action should be dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss, filed on October 18, 2016 (ECF No. 24), be GRANTED IN PART and DENIED IN PART;

2. Plaintiff's First Amended Complaint (ECF No. 22) be allowed to proceed with: (1) a claim against Defendants Orr and Thomas for professional negligence under California common law; (2) a claim against Defendants Orr, Thomas and Moreno for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and, (3) a claim against Defendant Thomas for violation of the Elder Abuse and Dependent Adult Civil Protection Act;

3. All other defendants and causes of action be dismissed. Specifically, Defendants Corizon Healthcare, Sheriff Margaret Mims, Fresno County Sheriff's Department, and DOES 1-50 be dismissed from the case; and,

4. Defendants' motion to strike, filed on October 18, 2016 (ECF No. 24), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the Court. Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 9, 2017**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

Case 1:16-cv-00461-DAD-EPG   Document 29   Filed 01/09/17   Page 13 of 13

13